THE STATE, EX REL. HENRY RUFFU, RELATOR, v. BOARD OF MEDICAL EXAMINERS OF THE STATE OF NEW JERSEY, RESPONDENT.

Submitted May 10, 1932—Decided November 12, 1932.

Before Justices TRENCHARD, CASE and BROGAN.

For the relator, *Frank A. Mathews, Jr.*

For the respondent, *William A. Stevens,* attorney-general, and *Robert Peacock,* assistant attorney-general.

PER CURIAM.

The relator obtained a rule to show cause why a peremptory or alternative writ of *mandamus* should not issue commanding the board of medical examiners of the State of New Jersey to issue to him a license to practice medicine and surgery. The matter is before us on the return of the rule.

The relator seeks to compel the issue of his license under

subdivision E of section 4 of the act entitled "An act to regulate the practice of medicine and surgery, to license physicians and surgeons, and to punish violating the provisions thereof." *Pamph. L.* 1894, *p.* 454; 3 *Comp. Stat., p.* 3329, as amended by *Pamph. L.* 1925, *ch.* 134, *p.* 362. That section provides in part:

"* * * Any applicant for license * * * upon proving to the satisfaction of said board that he is of good moral character * * * and that he has been examined and licensed by the examining and licensing board of another state of the United States * * * and that at the time of the granting of such license the standard of requirements for license to practice medicine and surgery in the state where such license was granted * * * was at least substantially equal to the standard of requirements for such license in force in this state at said time, and upon filing with the secretary of said board a copy of his license or certificate, verified as a true copy by the affidavit of the secretary of the board granting such license, may, in the discretion of the said board of medical examiners of this state, be granted a license to practice medicine and surgery without further examination * * *."

The relator had been licensed by the examining and licensing board of the State of Illinois to practice medicine and surgery in all its branches in that state. It is stipulated that at the time of the granting of that license the standard of requirements for license to practice medicine and surgery in the State of Illinois was at least substantially equal to the standard of requirements for such license in force in this state at said time. On that showing the relator seeks a New Jersey license as a matter of right.

The words "in the discretion of the said board" contained in subdivision E, section 4, *supra,* may not be disregarded. In their absence the relator would be entitled to a license. But they are there, and we must assume that they carry their ordinary significance. The question then is whether the board has abused the discretion thus imposed. It appears further by the stipulated facts that the medical school at which the relator received his professional education and

training is not an institution approved by the board of medical examiners of this state. Had the relator applied for a license on the basis of an examination, he could not in this respect have complied with the statutory requirements because, by subdivision C of the section, it is provided that "every applicant for admission to examination for a license * * * shall * * * prove to said board that he has received a diploma conferring the degree of doctor of medicine from some legally incorporated medical college of the United States, which college, in the opinion of said board, was in good standing at the time of the issuance of said diploma * * *." The reason for the refusal of the relator's request for a license is shown by a resolution adopted by the board December 17th, 1931, as follows:

"The application of Dr. Ruffu for license to practice medicine and surgery came before the board and the board finds that the credentials attached to the application of Dr. Ruffu are not in accordance with the rules and regulations of this board and the law of this state, and that Dr. Ruffu is not a graduate of a college on the approved list of this board, and has not been approved by this board, and that the requirements of the State of Illinois in granting a license to Dr. Ruffu are not the equal of the requirements to grant licenses to physicians in accordance with the rules and requirements of this board and the law of this state, and that the board, in its discretion, denies the license to practice medicine to Dr. Ruffu."

It appears therefore that although, under the stipulation, the standard of requirements for license in the State of Illinois is substantially equal to the standard of requirements here, nevertheless in this particular instance a license was granted there in large part based on the credentials of an institution of which the board of this state does not approve. There is no partisanship or selective prohibition laid against the candidate. The fact that has barred him would be likewise applicable against anyone, man or woman, of any race or creed, whose professional training had not measured up to the standard set by the New Jersey board. We think that the action of the board was not an abuse of discretion; that

on the contrary it was within the legitimate field of board determination.

We conclude that neither of the writs asked for should be granted and that the rule should be discharged.